**In re Petition for DISCIPLINARY ACTION AGAINST Donald A. WHEAT, an Attorney at Law of the State of Minnesota.**

No. C2–94–1127.

Supreme Court of Minnesota.

Sept. 29, 1994.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Donald A. Wheat failed to diligently complete settlement of a client's case, failed to keep her informed of the status of the matter, failed to promptly pay out to her her funds or promptly return her file, and misrepresented to her the facts of the matter; and

WHEREAS, the respondent has unconditionally admitted the allegations of the petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director in which they jointly recommend a public reprimand and imposition of 2 years' supervised probation with conditions; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants the agreed to disposition,

IT IS HEREBY ORDERED that respondent Donald A. Wheat is publicly reprimanded and is placed on 2 years' supervised probation subject to the following stipulated to conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who had agreed to be nominated as respondent's supervisor within

two weeks from the date [of this order]. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. By the first day of each month, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor. Such books and records shall also be made available to the Director upon request.

The Director is awarded costs and disbursements in the amount of $750.

BY THE COURT:

/s/ M. Jeanne Coyne

M. Jeanne Coyne
Associate Justice